IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-3-D

| | |
|---|---|
| JOHN MICHAEL SCARDINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WENDY PANEK, and ) | |
| WESLEY ROBINSON, ) | |
| ) | |
| Defendants. ) | |

On January 4, 2021, John Michael Scardina ("Scardina" or "plaintiff"), appearing pro se, filed a complaint in this court against Wendy Panek and Wesley Robinson ("defendants"), who are two officials with the United States Postal Service [D.E. 1]. On May 12, 2021, Scardina moved for entry of default and default judgment against defendants [D.E. 7]. On June 9, 2021, this court referred plaintiff's motion to United States Magistrate Judge Brian S. Meyers for a memorandum and recommendation ("M&R") on plaintiff's motion. See [D.E. 10]. On August 13, 2021, plaintiff moved for a hearing [D.E. 14].

On November 2, 2021, Judge Meyers issued an M&R recommending that the court deny Scardina's motion for entry of default and default judgment against defendants and extend the time for Scardina to effect service of process on the United States. See [D.E. 15]. On November 19, 2021, Scardina responded to the M&R [D.E. 16].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need

not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). If a party makes only general objections, de novo review is not required. See Wells v. Shriners Hosp., 109 F.3d 198, 200 (4th Cir. 1997). "In order to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quotation omitted); see United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

The court has reviewed the M&R and the record. The court is satisfied that there is no clear error on the face of the record. See Diamond, 416 F.3d at 315. Thus, the court adopts the conclusion in the M&R. Scardina shall submit proposed summonses to the Clerk of Court for issuance in accordance with the Federal Rules of Civil Procedure and the rules of this court. Once the summonses are issued, Scardina shall serve the summonses and a copy of the complaint on each defendant.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 15], DIRECTS plaintiff to submit proposed summonses to the Clerk of Court, DIRECTS the clerk to issue the summonses and return the summonses to the plaintiff for service in accordance with the Federal Rules of Civil Procedure and the rules of this court. The court also extends the time for plaintiff to effect service of process to December 29, 2021. Plaintiff shall file his proof of service of process within 10 days after the date the summonses are served. Plaintiff's motion for a hearing [D.E. 14] is DISMISSED as moot.

SO ORDERED. This 30 day of November, 2021.

                                                JAMES C. DEVER III
                                                United States District Judge